185 Cal.App.4th 1504 (2010)
In re T.J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
T.J., Defendant and Appellant.
No. C061890.
Court of Appeals of California, Third District.
June 28, 2010.
*1507 Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Stephen G. Herndon, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
BUTZ, J.
A juvenile wardship petition was filed alleging that T.J., aged 15 (the minor), came within the provisions of Welfare and Institutions Code section 602[1] in that he committed three forcible lewd acts on a child under age 14. (Pen. Code, § 288, subd. (b)(1)counts one through three.) The court found that the minor was not eligible for deferred entry of judgment (DEJ) because the alleged offenses are listed in section 707, subdivision (b). (Welf. & Inst. Code, §§ 707, subd. (b)(6), 790, subd. (a)(2).)
Following a contested jurisdictional hearing, the prosecution dismissed count three for insufficiency of evidence. On counts one and two, the juvenile court found that the element of force had not been proved but the lesser offense of lewd acts on a child (Pen. Code, § 288, subd. (a)) was proved beyond a reasonable doubt. The court proceeded to disposition and found that the minor now was eligible, but not suitable, for DEJ. The court adjudged the minor a ward of the court and ordered probation on various terms and conditions.
On appeal, the minor contends the juvenile court erred in denying him DEJ because (1) the court did not hold the suitability hearing required by California *1508 Rules of Court, rule 5.800;[2] and (2) the court did not, and could not, find that he would not benefit from the education, treatment, and rehabilitation available through the DEJ program. We shall affirm the juvenile court's jurisdictional findings and dispositional order.

FACTUAL BACKGROUND

Prosecution Case-in-chief
The minor resides with his father. The minor's half brothers, five-year-old C.J. and eight-year-old J.J., reside with their mother and spend most weekends with their father.
One day in October 2007, C.J. and J.J. were babysat by their maternal grandmother. She noticed C.J. touching her puppy's vagina. When she asked him what he was doing, he started to cry. She next asked J.J. about the touching, but he did not want to say anything.
Eventually, J.J. told the grandmother that the minor had touched him with C.J. present. J.J. later confirmed to his mother that the minor was touching him in a bad way sexually.
J.J. testified that, while he was in a room with C.J. and the minor, the minor stuck his finger in J.J.'s butt. It hurt. Then the minor pulled down J.J.'s pants and put his penis in J.J.'s butt. This also hurt. J.J. went to the bathroom and wiped his wet bottom.
A Sacramento sheriff's deputy investigated the case and conducted two interviews of the minor. In the second interview, the minor stated that he may have accidentally inserted his finger into J.J.'s rear while they were wrestling.

Defense
The minor's mother testified that she did not see anything unusual between the minor, C.J., and J.J.

DISCUSSION
The minor contends the juvenile court erred in denying him DEJ because (1) it did not hold the hearing required by rule 5.800, and (2) it did not find, *1509 and could not find, that he would not benefit from the education, treatment, and rehabilitation available through the DEJ program. Neither contention has merit.

Background
The petition alleged three counts that the minor had committed lewd and lascivious acts on a child under age 14 by force. (Pen. Code, § 288, subd. (b)(1).) Following a contested jurisdictional hearing, the juvenile court found that the minor had committed lewd and lascivious acts, but the element of force had not been proven. (Pen. Code, § 288, subd. (a).)
Because they included the element of force, the pleaded allegations disqualified the minor from receiving DEJ. (§§ 707, subd. (b)(6), 790, subd. (a)(2).) Had the petition alleged only the sustained lesser included offenses, the minor would not have been excluded from DEJ.
After the prosecutor and defense counsel agreed that the minor should remain home with several probation conditions, the juvenile court commented: "The minor is eligibleI don't believe he is suitable for deferred entry of judgment under Welfare and Institutions Code Section 790, but he may very well beI think he is eligible for it but not suitable."
The court then adjudged the minor a ward of the court, released him to his mother's custody, and imposed several probation conditions including sex offender counseling.

Analysis
The minor faults the juvenile court for finding him eligible for DEJ and, "in the same breath . . . and without explanation," pronouncing him unsuitable for DEJ.
The Attorney General counters that "[w]hat the court meant was that, had the allegations the court found true been initially alleged, [the minor] would not have been excluded from DEJ consideration. If the court meant that DEJ was now an optionpostjurisdictional hearingit misspoke, because the law does not so provide." (Italics added.) The Attorney General has the better argument.
This court recently summarized the applicable law as follows in In re A.I. (2009) 176 Cal.App.4th 1426 [98 Cal.Rptr.3d 501] (A.I.):
(1) "The DEJ provisions of section 790 et seq. `provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations *1510 contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. [Citations.]' [Citations.]
(2) "`Section 790 makes a minor eligible for DEJ if all the following circumstances exist: [¶] "(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense. [¶] (2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707. [¶] (3) The minor has not previously been committed to the custody of the [Department of Corrections and Rehabilitation, Division of Youth Facilities]. [¶] (4) The minor's record does not indicate that probation has ever been revoked without being completed. [¶] (5) The minor is at least 14 years of age at the time of the hearing. [¶] (6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code." [Citation.]' [Citation.]
"`If the minor waives the right to a speedy jurisdictional hearing, admits the charges in the petition and waives time for pronouncement of judgment, the court may summarily grant DEJ or refer the matter to the probation department for further investigation. The department is required to take into consideration "the defendant's age, maturity, educational background, family relationship, demonstrable motivation, treatment history, if any, and other mitigating and aggravating factors in determining whether the minor is a person who would be benefited by education, treatment, or rehabilitation." [Citation.] The [juvenile] court makes "the final determination regarding education, treatment, and rehabilitation of the minor." [Citation.]' [Citation.]
(3) "`To be admitted to the DEJ program, a minor must be eligible under section 790, subdivision (a). While such eligibility is a necessary condition for DEJ, it is not alone a sufficient basis. Under proper circumstances the court may refuse DEJ even to minors eligible under section 790, subdivision (a). [Citation.] While section 790 et seq. might be clearer on the matter, we conclude such denial is proper only when the trial court finds the minor would not benefit from education, treatment and rehabilitation. [(Italics added by Martha C. v. Superior Court (2003) 108 Cal.App.4th 556 [133 Cal.Rptr.2d 544])] [¶] Proposition 21 contains a noncodified section entitled Findings and Declarations; subdivision (j) of those findings states: "Juvenile court resources are spent disproportionately on violent offenders with little chance to be rehabilitated. If California is going to avoid the predicted wave of juvenile crime in the next decade, greater resources, attention, and accountability must *1511 be focused on less serious offenders such as burglars, car thieves, and first time non-violent felons who have potential for rehabilitation. This act must form part of a comprehensive juvenile justice reform package which incorporates major commitments to already commenced `at risk' youth early intervention programs and expanded informal juvenile court alternatives for low-level offenders. These efforts, which emphasize rehabilitative protocols over incarceration, must be expanded as well under the provisions of this act, which requires first time, non-violent juvenile felons to appear in court, admit guilt for their offenses, and be held accountable, but also given a non-custodial opportunity to demonstrate through good conduct and compliance with a court-monitored treatment and supervision program that the record of the juvenile's offense should justly be expunged." (Italics added [by Martha C.].) [¶] These findings express not only a strong preference for rehabilitation of first-time nonviolent juvenile offenders but suggest that under appropriate circumstances DEJ is required. This strong preference for rehabilitation and the limitation on the court's power to deny delayed entry of judgment are reflected in the procedures used in considering DEJ.' [Citation.]" (A.I., supra, 176 Cal.App.4th at pp. 1432-1434, quoting Martha C. v. Superior Court, supra, 108 Cal.App.4th at pp. 558, 559, 560-561; see In re Kenneth J. (2008) 158 Cal.App.4th 973, 976 [70 Cal.Rptr.3d 352].)
(4) Simply put, the minor was not entitled to DEJ because he did not "admit the allegations" of the section 602 petition and necessarily did not do so "`in lieu of jurisdictional and dispositional hearings.'" (A.I., supra, 176 Cal.App.4th at p. 1432.)[3] Specifically, the DEJ scheme requires the minor to "admit[] each allegation contained in the petition," and do so "in lieu of," rather than following a portion of, the usual court hearings. (§ 791, subd. (a)(3).) If the minor elects to contest some allegations but not others, or to contest an element of an allegation but not others, the statutory scheme does not entitle the minor to DEJ. Similarly, if the minor proceeds to a jurisdictional hearing where the court finds that an element of an allegation was not proven, the scheme does not entitle him to DEJ "in lieu of" the hearing that was just conducted.
The minor disagrees, claiming he was eligible for DEJ consideration because he had not yet been declared a ward, and the DEJ statute indicates that it applies "whenever a case is before the juvenile court for a determination of whether a minor is a person described in Section 602 . . . ." (§ 790, subd. (a).) We disagree.
*1512 (5) "`"[E]very statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect."'" (In re Michael G. (1988) 44 Cal.3d 283, 296 [243 Cal.Rptr. 224, 747 P.2d 1152], quoting Landrum v. Superior Court (1981) 30 Cal.3d 1, 14 [177 Cal.Rptr. 325, 634 P.2d 352].) (6) If section 790, subdivision (a) were construed to allow consideration of DEJ following a jurisdictional hearing, notwithstanding the minor's failure to admit "each allegation contained in the petition" (§ 791, subd. (a)(3)), simply because the matter was still "before the juvenile court for a determination" whether the minor was described by section 602 (§ 790, subd. (a), italics added), then section 791, subdivision (a)(3)'s notice provisions would have no effect except to mandate a false and misleading advisement to minors who may be entirely unfamiliar with the DEJ law. This construction must be avoided. (In re Michael G., supra, 44 Cal.3d at p. 296.) That is so even though the DEJ statutes are not located in a part of the Welfare and Institutions Code devoted exclusively to pleadings and procedures before trial.
The minor claims that, following the juvenile court's finding that the element of force had not been proven, the charges remaining against him were "limited to violation of Penal Code section 288, subdivision (a), an offense which is not enumerated in subdivision (b) of [Welfare and Institutions Code] section 707. Because [the minor] was not then being charged with an enumerated offense, each of the preconditions for the operation of section 790 was satisfied."
The minor's argument fails because, even if he had satisfied section 790, he had not done so in the manner required by the notice provisions of section 791, subdivision (a)(3). The minor had not admitted any allegations, and he necessarily had not done so in lieu of the jurisdictional hearing that had just been conducted.[4] The minor's reply argument that "even during the jurisdictional hearing, the court may still grant the minor DEJ `in lieu of jurisdictional and disposition hearings'" disregards the statutory language and demonstrates no error.
The minor claims A.I.'s introductory remark that "deferred entry of judgment . . . would be forfeited if [the minor] elected to go to trial on the charge" is not a part of the court's holding. (A.I., supra, 176 Cal.App.4th at p. 1429, italics added.) He reasons that, because A.I. "determined that the jurisdictional hearing had not commenced, it did not decide the `magic moment' question" and thus its "statement was dicta and not precedent for the question."
*1513 (7) However, as the minor recognizes, "[i]n every case, it is necessary to read the language of an opinion in the light of its facts and the issues raised, in order to determine which statements of law were necessary to the decision, and therefore binding precedent, and which were general observations unnecessary to the decision. The latter are dicta, with no force as precedent." (Fireman's Fund Ins. Co. v. Maryland Casualty Co. (1998) 65 Cal.App.4th 1279, 1301 [77 Cal.Rptr.2d 296] (Fireman's Fund).)
In A.I., the statement that DEJ "would be forfeited if [the minor] elected to go to trial on the charge" was necessary to the decision because it explained why the issue before the court had a real world consequence to the parties and was of more than academic interest. If the minor in A.I. could have elected to go to trial without forfeiting DEJ, it would not have mattered whether his suppression motion had been heard prior to or during the jurisdictional hearing. Our opinion would have been wholly advisory. (A. I., supra, 176 Cal.App.4th at p. 1429; Fireman's Fund, supra, 65 Cal.App.4th at p. 1301.)
In A.I., this court accepted for purposes of discussion the Attorney General's argument that the rules governing DEJ in juvenile cases "`should be the same as those in adult cases.'" (A.I., supra, 176 Cal.App.4th at p. 1434.) In this case, the minor argues at length that the rules should be distinguished from one another. However, none of the suggested distinctions demonstrates that, notwithstanding the clear language of section 791, subdivision (a), the electorate intended that juveniles remain eligible for DEJ following the commencement of the jurisdictional hearing.
The minor claims "[i]nterpreting section 790 to permit a juvenile to remain eligible for DEJ after the commencement of the jurisdictional hearing would best effectuate the intent of the California electorate that passed the juvenile DEJ statutes." We disagree. The minor's interpretation nullifies a portion of the findings and declarations of Proposition 21, set forth above, which he quotes but ultimately fails to address.
The juvenile DEJ scheme "requires first time, non-violent juvenile felons to appear in court, admit guilt for their offenses, and be held accountable." (A.I., supra, 176 Cal.App.4th at p. 1433.) Here, however, the minor does not contend that, when he "appear[ed] in court," he ever sought to "admit guilt" or be "held accountable" for such an admission. Rather, the minor disputed the allegations at a contested jurisdictional hearing. By the time the juvenile court mistakenly opined that he was eligible for DEJ, his commission of the lesser offenses had been established and an admission of guilt would have been superfluous.
(8) The minor contends the electorate did not intend to empower a prosecutor to deny DEJ simply by overcharging a case, i.e., by alleging a *1514 section 707, subdivision (b) offense that the evidence does not support. However, in section 791, subdivision (a)(3), the electorate provided that minors are to be advised that DEJ is limited to cases in which the minor is willing to admit each pleaded allegation in lieu of jurisdictional and disposition hearings. The electorate included no means of challenging the prosecutor's charging decision prior to accepting DEJ. Instead, a minor has the options of challenging a purportedly excessive charge at a jurisdictional hearing, as was done here with success, or of having the excessive charge dismissed and expunged following a period of DEJ probation. No error is shown.

DISPOSITION
The juvenile court's jurisdictional findings and dispositional order are affirmed.
Sims, Acting P. J., and Robie, J., concurred.
NOTES
[1] Undesignated statutory references are to the Welfare and Institutions Code.
[2] Further references to rules are to the California Rules of Court.
[3] Section 791 provides in relevant part that the prosecutor's written notification to the minor shall include "[a] clear statement that, in lieu of jurisdictional and disposition hearings, the court may grant a deferred entry of judgment with respect to any offense charged in the petition, provided that the minor admits each allegation contained in the petition . . . ." (§ 791, subd. (a)(3).)
[4] It is undisputed that the minor did not reject or forfeit DEJ. Because he had been charged with a section 707, subdivision (b) offense, he had no opportunity to do either.