[No. A128295. First Dist., Div. Two. Feb. 8, 2011.]

In re JOSHUA S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOSHUA S., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the section entitled *Statement of Facts*, and the Discussion section, parts I. and III.

COUNSEL

Jeffrey A. Needelman, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Eric D. Share and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KLINE, P. J.**—Joshua S. appeals from orders of the juvenile court revoking his probation. He contends the court erred in denying his motion to suppress evidence obtained as a result of an unlawful detention; failed to exercise its discretion to grant or deny deferred entry of judgment; and failed to make a finding as to whether his possession of concentrated marijuana was a felony or a misdemeanor. We agree that the motion to suppress was properly denied, but conclude the orders must be reversed and the matter remanded for the juvenile court to determine whether to grant or deny deferred entry of judgment and to determine the nature of the marijuana offense.

## STATEMENT OF THE CASE

On April 29, 2009, a wardship petition was filed in San Francisco Juvenile Court (case No. JW 09-6258) alleging that appellant, then 16 years old, came within the provisions of Welfare and Institutions Code[1] section 602 on the basis of two offenses, possession of cocaine base for sale (Health & Saf. Code, § 11351.5) and falsely representing identity to a peace officer (Pen. Code, § 148.9). He was determined to be eligible for deferred entry of judgment (DEJ).

On May 8, 2009, a wardship petition was filed in Contra Costa County Juvenile Court (J09-00693) alleging a violation of Penal Code section 69, resisting an executive officer. Appellant was determined eligible for DEJ. On May 11, the petition was amended to add two counts of misdemeanor resisting a peace officer (Pen. Code, § 148, subd. (a)(1)). Appellant admitted the two misdemeanors and the Penal Code section 69 charge was dismissed. On May 26, he was adjudged a ward and placed on probation, to reside in the home of his mother.

On May 27, 2009, appellant denied the allegations of the San Francisco petition. The matter was continued several times, and on September 10 appellant filed a motion to suppress evidence. The motion was heard and denied on November 10. On the prosecutor's motion, count 1 (possession of cocaine base for sale) was amended to allege that appellant acted as an accessory to a felony (Pen. Code, § 32) and count 2 (falsely representing identity to a peace officer) was dismissed. Appellant admitted the amended count 1, a felony. The case was transferred to Contra Costa County for disposition (renumbered J09-00636) and appellant was released to his mother's custody.

On December 4, 2009, a petition was filed in Alameda County Juvenile Court (SJ09013871-01) alleging four felony counts, possession of marijuana for sale (Health & Saf. Code, § 11359), two counts of transportation or sale of marijuana (Health & Saf. Code, § 11360, subd. (a)), and unlawful carrying of a loaded firearm (Pen. Code, §12031, subd. (a)(1)). Appellant was determined to be eligible for DEJ. Appellant filed a motion to suppress evidence, which was apparently not heard by the court. Rather, on December 29, count 1 of the petition was amended to allege possession of cannabis (Health & Saf. Code, § 11357, subd. (a)), appellant admitted this allegation and the other counts were dismissed. Appellant was detained at juvenile hall and the case was transferred to Contra Costa County for disposition.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

In Contra Costa County, the San Francisco and Alameda cases were consolidated for disposition and the San Francisco case was consolidated with the Contra Costa lead case (J09-00693). On January 27, 2010, the court continued appellant as a ward and committed him to the Orin Allen Youth Rehabilitation Facility for six months, with an additional 90-day conditional release/parole period. On February 10, the court found appellant's maximum custody time to be four years four months and awarded him 90 days of custody credit.

Appellant filed a timely notice of appeal on April 2, 2010.

## STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II.

Appellant contends the juvenile court orders must be reversed and the matter remanded because the court failed to exercise its mandatory discretion to grant or deny DEJ in the San Francisco and Alameda County cases.

■ " 'The DEJ provisions of section 790 et seq. were enacted as part of Proposition 21, The Gang Violence and Juvenile Crime Prevention Act of 1998, in March 2000. The sections provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)' " (*In re Kenneth J.* (2008) 158 Cal.App.4th 973, 976 [70 Cal.Rptr.3d 352], quoting *Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558 [133 Cal.Rptr.2d 544]; *In re Luis B.* (2006) 142 Cal.App.4th 1117, 1121–1122 [48 Cal.Rptr.3d 581].) Although, as will be discussed, the decision to grant DEJ is a matter of discretion for the juvenile court, appellate courts have concluded that the procedures for considering DEJ reflect a "strong preference for rehabilitation of first-time nonviolent

---

*See footnote, *ante*, page 670.

juvenile offenders" and limit the court's power to deny DEJ such that denial of DEJ to an eligible minor who wants to participate is proper only when the trial court finds " 'the minor would not benefit from education, treatment and rehabilitation.' " (*In re A.I.* (2009) 176 Cal.App.4th 1426, 1434, quoting *Martha C. v. Superior Court, supra,* 108 Cal.App.4th at p. 561.)[3]

■ " 'Section 790 makes a minor eligible for DEJ if all the following circumstances exist: [¶] "(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense. [¶] (2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707. [¶] (3) The minor has not previously been committed to the custody of the Youth Authority. [¶] (4) The minor's record does not indicate that probation has ever been revoked without being completed. [¶] (5) The minor is at least 14 years of age at the time of the hearing. [¶] (6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code." (§ 790, subd. (a)(1)–(6).)' " (*In re Kenneth J., supra,* 158 Cal.App.4th at pp. 976–977, fn. omitted; see Cal. Rules of Court, rule 5.800(a); *In re Luis B., supra,* 142 Cal.App.4th at p. 1122.)

Rule 5.800(b) of the California Rules of Court[4] directs: "Before filing a petition alleging a felony offense, or as soon as possible after filing, the prosecuting attorney must review the child's file to determine if the requirements of [subdivision] (a) are met. If the prosecuting attorney's review reveals that the requirements of [subdivision] (a) have been met, the prosecuting

---

[3] " 'While section 790 et seq. might be clearer on the matter, we conclude such denial [of DEJ to an eligible minor] is proper only when the trial court finds the minor would not benefit from education, treatment[,] and rehabilitation. [¶] Proposition 21 contains a noncodified section entitled Findings and Declarations; subdivision (j) of those findings states: "Juvenile court resources are spent disproportionately on violent offenders with little chance to be rehabilitated. If California is going to avoid the predicted wave of juvenile crime in the next decade, greater resources, attention, and accountability must be focused on less serious offenders such as burglars, car thieves, and first time non-violent felons who have potential for rehabilitation. This act must form part of a comprehensive juvenile justice reform package which incorporates major commitments to already commenced 'at risk' youth early intervention programs and expanded informal juvenile court alternatives for low-level offenders. These efforts, which emphasize rehabilitative protocols over incarceration, must be expanded as well under the provisions of this act, which requires first time, non-violent juvenile felons to appear in court, admit guilt for their offenses, and be held accountable, but also given a non-custodial opportunity to demonstrate through good conduct and compliance with a court-monitored treatment and supervision program that the record of the juvenile's offense should justly be expunged." . . . [¶] These findings express not only a strong preference for rehabilitation of first-time nonviolent juvenile offenders but suggest that under appropriate circumstances DEJ is required. This strong preference for rehabilitation and the limitation on the court's power to deny delayed entry of judgment are reflected in the procedures used in considering DEJ.' " (*In re A.I., supra,* 176 Cal.App.4th at pp. 1433–1434, quoting *Martha C. v. Superior Court, supra,* 108 Cal.App.4th at p. 561, italics omitted.)

[4] All further references to rules will be to the California Rules of Court.

attorney must file *Determination of Eligibility—Deferred Entry of Judgment—Juvenile* (form JV-750) with the petition." The prosecutor must also make available to the minor and defense counsel "the grounds upon which the determination [of eligibility] is based." (§ 790, subd. (b).)

"If the minor consents and waives his or her right to a speedy jurisdictional hearing, the court may refer the case to the probation department or the court may summarily grant deferred entry of judgment if the minor admits the charges in the petition and waives time for the pronouncement of judgment." (§ 791, subd. (b).) When directed by the court, the probation department must investigate and consider specified factors, determine what programs would accept the minor and report its findings and recommendations to the court. (§ 791, subd. (b).)

"The court shall make the final determination regarding education, treatment, and rehabilitation of the minor." (§ 791, subd. (b).) "Upon a finding that the minor is also suitable for deferred entry of judgment and would benefit from education, treatment, and rehabilitation efforts, the court may grant deferred entry of judgment." (§ 790, subd. (b).)

The court thus "has the ultimate discretion to rule on the suitability of the minor for DEJ after consideration of the factors specified in [former] rule 1495(d)(3) [now rule 5.800(d)] and section 791, subdivision (b), and based upon the ' "standard of whether the minor will derive benefit from 'education, treatment, and rehabilitation' rather than a more restrictive commitment. [Citations.]" ' (*Martha C. v. Superior Court, supra,* 108 Cal.App.4th 556, [561–]562, italics omitted, quoting from *In re Sergio R.* (2003) 106 Cal.App.4th 597, 607 [131 Cal.Rptr.2d 160].) The court may grant DEJ to the minor summarily under appropriate circumstances ([former] rule 1495(d) [now rule 5.800(d)]), and if not must conduct a hearing at which 'the court *shall* consider the declaration of the prosecuting attorney, any report and recommendations from the probation department, and any other relevant material provided by the child or other interested parties.' ([Former rule] 1495(f) [now rule 5.800(f)], italics added.)" (*In re Luis B., supra,* 142 Cal.App.4th at p. 1123.)

"While the court retains discretion to deny DEJ to an eligible minor, the duty of the prosecuting attorney to assess the eligibility of the minor for DEJ and furnish notice with the petition is mandatory, as is the duty of the juvenile court to either summarily grant DEJ or examine the record, conduct a hearing, and make 'the final determination regarding education, treatment, and rehabilitation . . . .' (§ 791, subd. (b); see also § 790, subd. (b); [former rule 1495(b), (d) & (f), now rule 5.800](b), (d) & (f); *Martha C. v. Superior*

*Court, supra,* at p. 559.) . . . The court is not required to ultimately grant DEJ, but is required to at least follow specified procedures and exercise discretion to reach a final determination once the mandatory threshold eligibility determination is made. (*Id.* at p. 604.)" (*In re Luis B., supra,* 142 Cal.App.4th at p. 1123.)

*Luis B.* reversed orders entered after jurisdictional and dispositional hearings because the prosecutor had failed to determine the minor's eligibility for DEJ and provide notice, and the court failed to conduct the required hearing and exercise discretion to determine whether the minor was suitable for DEJ. (*In re Luis B., supra,* 142 Cal.App.4th at p. 1123.) Here, the prosecutor in the San Francisco case filed Judicial Council form JV-750, "Determination of Eligibility—Deferred Entry of Judgment—Juvenile," as required by rule 5.800(b). The prosecutor also filed JV-751, "Citation and Written Notification for Deferred Entry of Judgment—Juvenile," directed to appellant and his mother, ordering appellant to appear on May 8, 2009, for the hearing on whether to grant DEJ. The prosecutor in the Alameda County case also filed JV-750. Appellant's complaint is that the court did not make the determination required by sections 790 and 791 in either case.

Relying upon *In re Kenneth J., supra,* 158 Cal.App.4th 973, and *In re Usef S.* (2008) 160 Cal.App.4th 276 [72 Cal.Rptr.3d 612], respondent maintains the court properly did not consider appellant for DEJ because appellant did not admit the allegations of the petitions but rather moved to suppress evidence and then negotiated a plea agreement to reduced charges. In *In re Kenneth J.,* after the prosecutor filed a wardship petition and determination that the minor was eligible for DEJ, and gave notice to the minor and his guardian of this determination, the minor requested a jurisdictional hearing and filed a motion to suppress evidence. The motion was heard at the contested jurisdictional hearing and denied at the conclusion of that hearing, after which the court sustained the allegations of the petition. In response to the claim on appeal that reversal was required because the juvenile court failed to hold a hearing on whether to grant DEJ, we explained: "Kenneth's approach erroneously assumes that a juvenile court can start the DEJ process in the teeth of the minor's opposition—in effect, that the DEJ procedure can be forced on an unwilling minor. That is clearly illogical, as there is nothing in the statutory language of section 791 or . . . rule 5.800 which suggests that a minor can be compelled to accept DEJ. Or to put it conversely, the language in the statute and rule 5.800 requires some measure of consent.

"It is perhaps true the DEJ statutes make no express provision for a minor in Kenneth's position, one who is advised of his DEJ eligibility, who does not admit the charges in the petition or waive a jurisdictional hearing, and who does not show the least interest in probation, but who insists on a jurisdictional hearing in order to contest the charges. But the DEJ is clearly intended

to provide an expedited mechanism for channeling certain first-time offenders away from the full panoply of a contested delinquency proceeding. That goal could not coexist with a minor who insists on exercising every procedural protection offered, and who then on appeal faults the juvenile court for not intervening and short circuiting those very protections. This would place a juvenile court in an impossible 'Heads he wins, tails I lose' situation—not to mention apparently compelling a juvenile court to hold a hearing to consider DEJ for a minor who evinces no interest whatsoever in that option. We decline to adopt such a mischievous, if not self-defeating, construction." (*In re Kenneth J., supra*, 158 Cal.App.4th at pp. 979–980.)

*In re Usef S.* followed *Kenneth J.* in concluding the juvenile court did not err in failing to hold a hearing to determine the minor's eligibility for DEJ "once it became clear [the minor] was not admitting the allegations against him, but rather was insisting on contesting them at a jurisdictional hearing." (*In re Usef S., supra*, 160 Cal.App.4th 276, 286, fn. omitted.)

Appellant did not initially admit the allegations of the petition, but neither did he insist on a jurisdictional hearing. Rather, he filed a motion to suppress evidence and, after it was denied, admitted a reduced charge. To apply the conclusions of *Kenneth J.* and *Usef S.* in this situation would be to require a minor to choose between taking advantage of the DEJ procedures and exercising his or her constitutional right to challenge an allegedly unlawful search and seizure.

*In re A.I., supra*, 176 Cal.App.4th 1435 refused to condone this result: "The People acknowledge that *Morse v. Municipal Court* (1974) 13 Cal.3d 149 [118 Cal.Rptr. 14, 529 P.2d 46] (hereafter *Morse*) held diversion—the adult analog of DEJ—'requires the district attorney to refer a case to the probation department if a defendant, who has previously been determined eligible under [Penal Code] section 1000, consents to diversion and waives his right to a speedy trial *at any time prior to the commencement of trial*. Defendants eligible for diversion may tender usual pretrial motions prior to their expression of consent to consideration for diversion.' ([*Morse*], at p. 160, original italics, fn. omitted.) *Morse* involved a motion to suppress evidence. (*Id.* at p. 153; Pen. Code, § 1538.5.) [¶] Applying *Morse* in the context of juvenile DEJ leads to the conclusion that a minor may first litigate a suppression motion and then, after its denial, accept DEJ." (*In re A.I., supra*, 176 Cal.App.4th at p. 1434.) *In re A.I.* distinguished *In re Kenneth J., supra*, 158 Cal.App.4th 973, and *In re Usef S., supra*, 160 Cal.App.4th 276, because in those cases contested jurisdictional hearings were completed without the minors requesting DEJ. (*In re A.I., supra*, 176 Cal.App.4th at p. 1435.) By contrast, in *In re A.I.*, "DEJ was requested before the contested jurisdiction

hearing was completed and before the expenditure of resources beyond those that were necessary for a pretrial suppression motion." (*Ibid.*)[5]

■ We agree with the court in *In re A.I.* that a minor is not required to forego the right to a suppression hearing in order to accept DEJ. No part of a jurisdictional hearing was undertaken in the present case. When the suppression motion was denied in the San Francisco case, appellant admitted a reduced charge. In the Alameda case, appellant apparently did not pursue the suppression motion but rather admitted an amended petition. Unlike in *Kenneth J.* and *Usef S.*, appellant did not reject DEJ and then seek to take advantage of it after contesting the allegations against him.

■ We are not persuaded by respondent's assertion that the DEJ procedures require the minor to admit the charge initially alleged in the petition rather than a reduced one, as long as the admission *precedes* a contested jurisdictional hearing. A minor is not entitled to DEJ where he or she does not " 'admit the allegations' of the section 602 petition . . . ' "in lieu of jurisdictional and dispositional hearings." ' " (*In re T.J.* (2010) 185 Cal.App.4th 1504, 1511 [11 Cal.Rptr.3d 298], fn. omitted, quoting *In re A.I., supra*, 176 Cal.App.4th at p. 1432.) "If the minor elects to contest some allegations but not others, or to contest an element of an allegation but not others, the statutory scheme does not entitle the minor to DEJ. Similarly, if the minor proceeds to a jurisdictional hearing where the court finds that an element of an allegation was not proven, the scheme does not entitle him to DEJ 'in lieu of' the hearing that was just conducted." (*In re T.J., supra*, 185 Cal.App.4th at p. 1511.) Here, however, no jurisdictional hearing was held. After his motion to suppress was denied in the San Francisco case, appellant did not *contest* the allegations against him; he admitted allegations of the

---

[5] The People in *In re A.I.* conceded that a minor may litigate a suppression motion and accept DEJ after the suppression motion is denied. (*In re A.I., supra*, 176 Cal.App.4th at p. 1434.) The wrinkle in that case was that after the minor was found eligible and suitable for DEJ, the minor filed a suppression motion and agreed to a procedure in which the motion would be heard simultaneously with the jurisdictional hearing, with the witnesses relevant to the motion heard first, the court ruling on the motion after they testified, and the jurisdictional hearing continuing if the prosecutor so chose after the ruling on the suppression motion. (*Id.* at pp. 1431–1432.) When the motion to suppress was denied and the minor wanted to accept DEJ, the prosecutor said this offer was no longer available and the court agreed. (*Id.* at p. 1432.) *In re A.I.* reversed, holding the juvenile court erred in denying DEJ "without finding that 'the minor would not benefit from education, treatment and rehabilitation' " (*In re A.I., supra*, 176 Cal.App.4th at p. 1434, quoting *Martha C. v. Superior Court, supra*, 108 Cal.App.4th at p. 561) and in treating the minor's "entitlement to DEJ" as "a mere 'offer' from the prosecution that had been taken ' " 'off the table and [thus was] no longer available.' " ' " (*In re A.I., supra*, 176 Cal.App.4th at p. 1434.) *In re A.I.* rejected the argument that the minor's agreement to the procedure under which evidence from the suppression hearing could be considered on the jurisdictional issue made DEJ unavailable. (*Id.* at pp. 1435–1436.) The present case does not involve this issue.

petition, amended to allege a reduced charge. In the Alameda case, appellant did not even pursue the suppression motion.

■ Respondent urges that appellant should not be permitted to negotiate a plea agreement reducing his legal responsibility for his offenses and still be considered for DEJ because permitting this result would remove minor's incentive to "expedite the process by a full admission of responsibility." But the process in the present case was expedited: Appellant admitted the allegations of the (amended) petition right after the denial of his suppression motion in the San Francisco case (and without pursuing the suppression motion in the Alameda one), with no attempt to litigate the petitions. Thus, DEJ could have been granted, if found appropriate, "in lieu of jurisdictional and disposition hearings" (§ 791, subd. (a)(3)). And appellant did admit responsibility for his offenses, albeit not full responsibility for the initially charged offenses. In requiring a minor to "admit[] each allegation contained in the petition," section 791, subdivision (a)(3), does not specify that the petition cannot be amended where, as here, the amendment does not follow and is not the consequence of the minor contesting one or more of the allegations of the initial petition. (See *In re T.J., supra*, 185 Cal.App.4th at p. 1511.) The circumstances of this case are consistent with the goal of expediting juvenile wardship proceedings and avoiding contested jurisdictional hearings. Further, making DEJ unavailable to a minor who admits an amended petition without contesting the allegations of the initial petition would not serve the goal of increasing rehabilitation for first-time nonviolent juvenile offenders reflected in the Findings and Declarations section, subdivision (j) of Proposition 21. (See *In re A.I., supra*, 176 Cal.App.4th at pp. 1433–1434; *Martha C. v. Superior Court, supra*, 108 Cal.App.4th at p. 561.)[6]

■ We held in *In re Kenneth J.* that a court is not required to hold a DEJ suitability hearing for a minor who has been notified of his or her eligibility for DEJ but denies the allegations of the petition and insists upon a jurisdictional hearing.[7] Appellant did not request a jurisdictional hearing and admitted the allegations of the amended petition. In this situation, appellant

---

[6] In fact, requiring a minor to admit the allegations of the original petition with no amendment in order to accept DEJ might in some circumstances lead to injustice. Where a minor has been overcharged by the prosecution, whether knowingly or unwittingly, he or she could secure a warranted reduction only by foregoing DEJ.

[7] It is not clear from the record whether appellant actually received the notice the prosecutor was required to provide him. The record includes the Determination of Eligibility—Deferred Entry of Judgment—Juvenile form (JV-750) and the first page of the Citation and Written Notification for Deferred Entry of Judgment—Juvenile form (JV-751) that the prosecutor filed with the court. That first page is the citation to appear; the second page, which provides the actual notice required by section 791, is not included in the record. It is, of course, appellant's burden to provide this court with a complete record on appeal.

was entitled to an exercise of the juvenile court's discretion in determining whether he was suitable for DEJ and would benefit from education, treatment, and rehabilitation efforts. (§ 790, subd. (b); *In re Luis B., supra*, 142 Cal.App.4th at p. 1123.)

The matter is remanded for the trial court to exercise its discretion in determining whether appellant should be granted DEJ.

### III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The orders are reversed and the matter is remanded for the trial court to determine whether appellant should be granted deferred entry of judgment and whether his cannabis possession offense is a misdemeanor or a felony.

Lambden, J., and Richman, J., concurred.

---

*See footnote, *ante*, page 670.