Filed 4/24/14  In re M.W. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re M.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>M.W.,<br><br>        Defendant and Appellant. | A139076<br><br>(Solano County<br>Super. Ct. No. J41971) |

**INTRODUCTION**

This timely appeal from orders of the juvenile court adjudging the minor a ward of the court and placing him on probation raises one issue:  Does a minor remain eligible for deferred entry of judgment (DEJ) under Welfare and Institutions Code section 790 et seq.[1] after he agrees to a negotiated disposition that results in his admission to one count of a multicount petition and dismissal of the remaining counts?  In *In re Joshua S.* (2011) 192 Cal.App.4th 670, Division Two of this Court answered that question affirmatively. We agree with that decision.  We therefore reverse the juvenile court's jurisdiction and dispositional orders and remand to the juvenile court for further proceedings to determine whether defendant is suitable for DEJ treatment.  If the juvenile court grants the minor

---

[1] Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.

1

DEJ, the orders will remain vacated.  If the juvenile court denies DEJ, it shall reinstate the jurisdiction and disposition orders, subject to the minor's right to review of the denial on appeal.

## FACTUAL AND PROCEDURAL SUMMARY[2]

The minor, a resident of the city of Vallejo in Solano County, was sent by his mother to live with relatives in Sacramento for his safety.

On April 12, 2013, police officers were patrolling an area of Sacramento known for robberies and assaults at approximately 9:30 p.m. when they saw the minor and another man, who had been sitting at a bus stop, quickly get up and walk away.  The officers made contact with the two men.  The minor appeared to be nervous.  Informed he was about to be patted down for weapons, the minor raised his arms and began walking backwards.  The officer reached forward and felt a hard metal object concealed under the minor's jacket.  The object was a .22-caliber revolver loaded with nine live rounds.  The serial numbers on the gun appeared to have been deliberately removed.

On April 16, 2013, the Sacramento County District Attorney filed a five-count delinquency petition (§ 602) alleging that M.W., a minor, carried and possessed on his person a concealable firearm (Pen. Code, §§ 25400, subd. (a)(2), count one; 29610, count four), loaded and in a public place (Pen. Code, § 25850, subd. (a), count two), from which identification markings had been removed.  (Pen. Code, § 23900, count three.) The petition also alleged the minor possessed live ammunition.  (Pen. Code, § 29650, count five.)  The petition was accompanied by a determination  of eligibility for DEJ signed by the prosecuting district attorney, along with a DEJ citation and notice.  At the next day's detention hearing, the juvenile court found the minor eligible for DEJ and continued the matter for a combined DEJ-suitability and settlement conference hearing.

---

[2]  The facts are drawn from the probation officer's intake report.

On April 29, 2013, pursuant to a negotiated disposition, the minor admitted count one and the remaining counts were dismissed. The court declared the offense a felony. The court determined the minor was no longer DEJ-eligible "since he did not plead . . . to all of the charges alleged." The court transferred the matter to the minor's county of residence, Solano County, for disposition.

At a May 22, 2013 initial disposition hearing in Solano County Juvenile Court, the minor argued he was eligible for DEJ despite his plea bargain, citing *In re Joshua S., supra*, 192 Cal.App.4th 670. The Solano County Juvenile Court declined to review the Sacramento County Juvenile Court's determination of DEJ-ineligibility, indicating that it's practice was to disallow DEJ unless the minor "pleads to the sheet." Following a contested dispositional hearing on May 28, 2013, the court established wardship and placed the minor at New Foundations as a condition of probation.

## DISCUSSION

Minor M.W. contends, and the Attorney General concedes, under the reasoning of *In re Joshua S., supra*, 192 Cal.App.4th 670, it was error for the juvenile court to deem the minor ineligible for DEJ because he admitted one but not all of the charges included in the original petition. The Attorney General asks us to hold *In re Joshua S.* was wrongly decided. We decline to do so. In our view, *Joshua S.*'s construction of section 790 et seq. implements the legislative intent animating the DEJ scheme.

" 'The DEJ provisions of section 790 et seq. were enacted as part of Proposition 21, The Gang Violence and Juvenile Crime Prevention Act of 1998, in March 2000. The sections provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred,

3

and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)' " (*In re Kenneth J.* (2008) 158 Cal.App.4th 973, 976.) The procedures for considering DEJ reflect a " 'strong preference for rehabilitation of first-time nonviolent juvenile offenders' " (*In re A.I.* (2009) 176 Cal.App.4th 1426, 1434) and limit the court's power to deny DEJ such that denial of DEJ to an eligible minor who wants to participate is proper only when the juvenile court finds that " 'the minor would not benefit from education, treatment and rehabilitation.' [Citation.]" (*Ibid.*)

" 'Section 790 makes a minor eligible for DEJ if all the following circumstances exist: [¶] "(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense. [¶] (2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707. [¶] (3) The minor has not previously been committed to the custody of the Youth Authority. [¶] (4) The minor's record does not indicate that probation has ever been revoked without being completed. [¶] (5) The minor is at least 14 years of age at the time of the hearing. [¶] (6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code." (§ 790, subd. (a)(1)-(6).)' " (*In re Kenneth J., supra,* 158 Cal.App.4th at pp. 976-977, fn. omitted; see also Cal. Rules of Court, rule 5.800(a).)

"The DEJ statutes 'empower the court, under specified conditions, and upon the minor's admission of the allegations of the petition, to place the minor on probation without adjudging him or her to be a ward of the court.' [Citation.] Under appropriate circumstances, the court may summarily grant DEJ to the minor. [Citations.] If the court does not summarily grant DEJ, it must conduct a hearing at which it must 'consider the declaration of the prosecuting attorney, any report and recommendations from the probation department, and any other relevant material provided by the child or other interested parties.' [Citation.] It is the mandatory duty of the juvenile court to either grant DEJ summarily or examine the record, conduct a hearing, and determine whether the minor is suitable for DEJ, based upon whether the minor will derive benefit from

4

'education, treatment, and rehabilitation.' [Citations.]" (*In re D. L.* (2012) 206 Cal.App.4th 1240, 1243-1244, fn. omitted.)

In *In re Joshua S., supra*, 192 Cal.App.4th 670, the Attorney General argued, as she does here, "that appellant should not be permitted to negotiate a plea agreement reducing his legal responsibility for his offenses and still be considered for DEJ because permitting this result would remove minor[s'] incentive to 'expedite the process by a full admission of responsibility.'" (*Id.* at p. 681.) In that case, the minor litigated a suppression motion before entering into a plea bargain that allowed him to admit some but not all of the "initially charged offenses." (*Ibid.*) Critically, however, the minor did not contest jurisdiction. The *Joshua S.* court reasoned: "In requiring a minor to 'admit[] each allegation contained in the petition,' section 791, subdivision (a)(3), does not specify that the petition cannot be amended where, as here, the amendment does not follow and is not the consequence of the minor contesting one or more of the allegations of the initial petition. [Citation.] The circumstances of this case are consistent with the goal of expediting juvenile wardship proceedings and avoiding contested jurisdictional hearings. Further, making DEJ unavailable to a minor who admits an amended petition without contesting the allegations of the initial petition would not serve the goal of increasing rehabilitation for first-time nonviolent juvenile offenders reflected in the Findings and Declarations section, subdivision (j) of Proposition 21. [Citations.]" (*Ibid.*)

In the case before us, the minor did not contest jurisdiction and the prosecuting district attorney filed the appropriate forms finding the minor eligible for DEJ. For the reasons stated in *In re Joshua S., supra*, 192 Cal.App.4th 670, the minor's negotiation of a plea agreement with the prosecuting attorney, in which he admitted one count of the petition and the remaining counts were dismissed, did not make him ineligible for DEJ. We find the court's refusal to hold a DEJ suitability hearing upon the prosecuting attorney's determination of the minor's eligibility for DEJ in this case was error. The proper remedy is to reverse the court's jurisdiction and dispositional orders and remand

5

the matter to the juvenile court with directions to hold a suitability hearing in accordance with section 790 et seq. and rule 5.800 of the California Rules of Court.

## DISPOSITION

The orders are reversed and the matter is remanded for the trial court to determine whether appellant should be granted deferred entry of judgment. If the juvenile court grants the minor DEJ, the orders will remain vacated. If the juvenile court denies DEJ, it shall reinstate the jurisdiction and disposition orders, subject to the minor's right to review of the denial on appeal. (*In re D.L., supra*, 206 Cal.App.4th at pp. 1245-1246.)

_____
Dondero, Acting P.J.

We concur:

_____
Banke, J.

_____
Becton, J.[*]

_____
[*] Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.