Filed 7/29/14  In re R.M. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re R.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>R.M.,<br><br>     Defendant and Appellant. | C072838<br><br>(Super. Ct. No. 68570) |

The minor, R.M., appeals from the juvenile court's jurisdictional and dispositional orders, contending the juvenile court abused its discretion in not considering him for deferred entry of judgment (DEJ).  The Attorney General properly concedes.  We accept the concession, reverse the orders, and remand to allow the juvenile court to consider the minor for DEJ.

1

BACKGROUND

In January 2011, Stockton police officers responded to a house party. After they told the juveniles present to leave the area, they saw the minor jaywalking and yelling at cars. The officers detained the minor and placed him in the back of a patrol car. While the officers engaged in further crowd control, the minor kicked out the rear driver-side window of the patrol car.

The district attorney's office filed a wardship petition under Welfare and Institutions Code section 602[1] charging the minor with one count of misdemeanor vandalism. (Pen. Code, § 594, subd. (a)(2).) The juvenile court dismissed the petition on its own motion on June 15, 2012. That same day, the district attorney refiled the petition, this time charging the minor with felony vandalism. (Pen. Code, § 594, subd. (a).) The minor filed a demurrer to the refiled petition. In the ensuing months, the district attorney filed two more petitions. The minor denied the petitions. The juvenile court overruled the demurrer. On December 6, 2012, the minor accepted a plea bargain. He agreed to admit the vandalism violation as a misdemeanor and the remaining petitions would be dismissed.

The juvenile court held a disposition hearing on December 20, 2012. The court adjudged the minor a ward of the court and committed him to the Juvenile Justice Center for 31 days, with credit for time served of 46 days. The minor was also granted probation, including a restitution order.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

DISCUSSION

The minor contends the trial court abused its discretion in failing to consider him for DEJ. The People properly concede the error.

The DEJ provisions of the Welfare and Institutions Code " 'provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)' " (*In re Joshua S.* (2011) 192 Cal.App.4th 670, 675 (*Joshua S.*).)

A minor is "eligible for DEJ if all the following circumstances exist: [¶] '(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense. [¶] (2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707. [¶] (3) The minor has not previously been committed to the custody of the Youth Authority. [¶] (4) The minor's record does not indicate that probation has ever been revoked without being completed. [¶] (5) The minor is at least 14 years of age at the time of the hearing. [¶] (6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code.' (§ 790, subd. (a)(1)-(6).)" (*In re Kenneth J.* (2008) 158 Cal.App.4th 973, 976-977.)

"Before filing a petition alleging a felony offense, or as soon as possible after filing, the prosecuting attorney must review the child's file to determine if the requirements . . . are met. If the prosecuting attorney's review reveals that the requirements . . . have been met, the prosecuting attorney must file *Determination of*

*Eligibility* -- [DEJ] -- *Juvenile* (form JV-750) with the petition." (Cal. Rules of Court, rule 5.800(b)(1).) Further, "[i]f the minor is found eligible for [DEJ], the prosecuting attorney shall file a declaration in writing with the court or state for the record the grounds upon which the determination is based, and shall make this information available to the minor and his or her attorney." (§ 790, subd. (b).) "The trial court then has the ultimate discretion to rule on the suitability of the minor for DEJ after consideration of the factors specified in [California Rules of Court, rule 5.800(d)] and section 791, subdivision (b), and based upon the ' " standard of whether the minor will derive benefit from 'education, treatment, and rehabilitation' rather than a more restrictive commitment. [Citations.]" ' [Citations.]" (*In re Luis B.* (2006) 142 Cal.App.4th 1117, 1123 (*Luis B.*).)

The trial court's decision as to the suitability of the minor for DEJ is discretionary. However, the prosecuting attorney's duty to assess the eligibility of the minor for DEJ and furnish notice with the petition is mandatory. (*Joshua S., supra,* 192 Cal.App.4th at p. 677; *Luis B., supra,* 142 Cal.App.4th at p. 1123.) That duty was not fulfilled here. Because the prosecuting attorney did not satisfy the statutory requirements, and the trial court did not conduct the necessary inquiry and exercise its discretion to determine whether defendant would benefit from DEJ, we must find error and reverse the juvenile court's jurisdictional and dispositional orders.

## DISPOSITION

The findings and dispositional orders of the juvenile court are reversed. The case is remanded to the juvenile court for further proceedings to determine the minor's eligibility for, and ability to benefit from, deferred entry of judgment. The People and the trial court are directed to comply with their respective duties as delineated in Welfare and Institutions Code section 790 et seq. and California Rules of Court,

4

rule 5.800.  If the juvenile court grants the minor deferred entry of judgment, it shall issue an order vacating the findings and orders.  If the juvenile court denies deferred entry of judgment, the jurisdictional and dispositional orders are reinstated.

                                                            _____HOCH\_\_\_\_\_, J.

We concur:

\_\_\_\_\_ROBIE\_\_\_\_, Acting P. J.

\_\_\_\_\_BUTZ\_\_\_\_, J.