Filed 7/10/14  In re N.H. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re N.H., a Person Coming Under the Juvenile Court Law. | D064892 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J234321) |
| v. | |
| N.H., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

The sole issue presented in this juvenile delinquency case is whether the trial court erred in denying deferred entry of judgment pursuant to Welfare and Institutions Code section 790[1] on the petition charging N.H. with one count of grand theft (Pen. Code, § 487, subd. (a)).  As we will explain, we conclude that the trial court did not abuse its discretion in deciding against deferred entry of judgment, and we accordingly affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

On October 7, 2103, N.H. and two adults took a laptop computer, an iPhone, and approximately $7,400 of iPad tablets from a school classroom.

A juvenile wardship petition filed against N.H. pursuant to section 602 alleged one count of grand theft (Pen. Code, § 487, subd. (a)) in excess of $950.  The petition gave notice that the district attorney determined N.H. was eligible for deferred entry of judgment under section 790.

At the readiness hearing, the trial court ordered the probation department to submit a report to determine N.H.'s suitability for deferred entry of judgment.

The probation officer's report concluded that "[t]he minor's history of drug use and past behavioral problems resulting in numerous suspensions from school does not demonstrate the behavior that is required for a recommendation for a Deferred Entry of Judgment."  Among other things, the probation officer's report stated that N.H. had been

[1]    Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

2

suspended at least five times in the past for behavioral problems at school, including

fighting, and that N.H. reported using marijuana on a monthly basis, including one day

prior to his arrest. The probation officer stated that "[N.H.'s] actions demonstrate that he

requires additional attention and more-restrictive measures to prevent further criminal

activity."

At the next hearing, the trial court considered and denied deferred entry of

judgment. The trial court then accepted N.H.'s admission to the grand theft count,

adjudged N.H to be a ward of the court pursuant to section 602, and placed N.H. on

probation. The district attorney agreed not to oppose a motion to reduce the offense to a

misdemeanor upon successful completion of probation.

II

DISCUSSION

N.H. contends that the trial court improperly denied him deferred entry of

judgment.

Pursuant to section 790, subdivision (b), a trial court may grant deferred entry of

judgment[2] to a minor who meets all of the eligibility requirements when the court finds

the minor is "suitable for deferred entry of judgment and would benefit from education,

---

2    Under deferred entry of judgment, in lieu of jurisdictional and dispositional
hearings, "upon the successful completion of the terms of probation, as defined in Section
794, the positive recommendation of the probation department, and the motion of the
prosecuting attorney, but no sooner that 12 months and no later than 36 months from the
date of the minor's referral to the program, the court shall dismiss the charge or charges
against the minor."  (§ 791, subd. (a)(3).)

treatment, and rehabilitation efforts."[3]  The probation department's report to the court on whether to grant deferred judgment shall "take into consideration the [minor's] age, maturity, educational background, family relationships, demonstrable motivation, treatment history, if any, and other mitigating and aggravating factors in determining whether the minor is a person who would be benefited by education, treatment, or rehabilitation," but the trial court makes the final determination on whether the minor would benefit from education, treatment, and rehabilitation.  (§ 791, subd. (b).)  "[D]enial is proper only when the trial court finds the minor would not benefit from education, treatment and rehabilitation."  (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 561 (*Martha C.*).)  It is the role of the trial court to "exercise . . . discretion based upon the standard of whether the minor will derive benefit from 'education, treatment, and rehabilitation' " as provided under deferred entry of judgment, "*rather than a more restrictive commitment*."  (*In re Sergio R.* (2003) 106 Cal.App.4th 597, 607, italics added (*Sergio R.*).)

---

3      A minor is eligible for deferred entry when he or she meets the requirements in section 790, subdivision (a):  "(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense.  [¶]  (2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707.  [¶]  (3) The minor has not previously been committed to the custody of the Youth Authority.  [¶]  (4) The minor's record does not indicate that probation has ever been revoked without being completed.  [¶]  (5) The minor is at least 14 years of age at the time of the hearing.  [¶] (6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code." (§ 790, subd. (a).)  There is no dispute that N.H. met the eligibility requirements.

"When the juvenile court denies a request for [deferred entry of judgment] where the minor is statutorily eligible, we review the decision under the abuse of discretion standard."  (*In re Damian M.* (2010) 185 Cal.App.4th 1, 5.)

Here, in denying deferred entry of judgment, the trial court noted the sophisticated nature of the crime and explained that based on the history of substance abuse by N.H. and some past negative behavior demonstrated by suspensions from school, "this is a situation where the parents would actually be supported by probation, to address things like substance abuse."  The trial court explained that formal probation was appropriate because "if there is a hiccup here or there with regard to substance abuse, probation then functions to address those issues, to stop a minor from heading toward a path of incarceration and further punishment."  The trial court also explained that N.H. could still have the petition dismissed in the future under section 782 and could still take advantage of the opportunity to rehabilitate himself, even if he was not given deferred entry of judgment.  A decision that the minor requires more formal supervision than provided under deferred entry of judgment based on the nature of the crime and the minor's social history — as the trial court did here — is a sound reason for denying deferred entry of judgment.  (See *Sergio R.*, *supra*, 106 Cal.App.4th at p. 608 ["The evidence established that appellant was not a suitable candidate for deferred entry of judgment, and required more formal, restrictive measures."]; *Martha C.*, *supra*, 108 Cal.App.4th at p. 562 ["a court might find that the circumstances of a crime indicate a minor is not amenable to rehabilitation"].)  Therefore, the trial court acted within its discretion to deny deferred entry of judgment.

N.H. makes much of the fact that the trial court commented that N.H. would still have access to services to help him rehabilitate himself even under formal probation. N.H. contends that this comment shows that the trial court viewed N.H. as being amenable to education, treatment and rehabilitation and that the trial court therefore was required to grant deferred entry of judgment. We disagree with N.H.'s characterization of the trial court's comments. The trial court made its comments in response to defense counsel's argument that public policy supports providing education, treatment and rehabilitation to minors where possible. The trial court was simply commenting that those same policies would still be served to a large degree under formal probation rather than deferred entry of judgment. The trial court was also clear, however, that because of N.H.'s background, including the nature of the crime, his substance abuse and his behavioral problems at school, N.H. would not be amenable to the more *informal* supervision provided by deferred entry of judgment and that the more *formal* supervision of probation was appropriate. Put simply, although the trial court noted that the policies of rehabilitation might still be served by formal probation, it concluded that because of N.H.'s background, the proper approach was to provide "a more restrictive commitment" (*Sergio R.*, *supra*, 106 Cal.App.4th at p. 607) than would be afforded under deferred entry of judgment. Based on the evidence in the record, the trial court was well within its discretion to reach that conclusion, and — as we have explained — it followed the correct legal standard in doing so.

DISPOSITION

The judgment is affirmed.


IRION, J.

WE CONCUR:


HALLER, Acting P. J.


McINTYRE, J.P


7